BELSOME, J.
Concurs with Reasons.
I write separately to address Stewart v. Ice. In Ice, this Court affirmed a general damage award of $350,000.00 and loss of consortium award of $25,000.00, recognizing that “[i]t is well established that an award of damages will not be disturbed by this Court absent a showing that the trial court abused its vast discretion.” Stewart v. Ice, 07-0871, p. 5 (La.App. 4 Cir. 4/9/08), 982 So.2d 928, 932 (citing Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993)). Pursuant to this standard, “if we find the trial court’s award is not so high or low in proportion to the injury as to ‘shock the conscience’ it will be affirmed.” Ice, 07-0871, p. 5, 982 So.2d at 932 (quoting Andrews v. Dufour, 03-0736, p. 17 (La.App. 4 Cir. 6/2/04), 882 So.2d 15, 28).
Although the trial court’s award for the particular injury suffered is arguably low, considering the well-settled standard of review with respect to general damages, this writer cannot say that the trial court’s award in this case was so high or low that it “shocks the conscience.” Furthermore, while the facts of Ice share a few similarities with the instant case, Ice differs from the case sub judice in several significant aspects.[1] The trial court also specifically rejected the suggestion that the award in Ice was applicable to the facts of the instant ease:
*1066 I know plaintiff ha[s] given me this case the Stewart case, even Doctor Hamsa, none of the medical records, none of the testimony in this case make this case equivalent to [Stewart v. Ice], nothing, because the MRI in that case said and that is Doctor Lander P[earce] testified [in Stewart v. Ice ] that there was, the MRI showed effusion, a cyst, chronic patella, tendinitis, complex tear on the medial meniscus, partial tear of the medial collateral ligament, vertical tear of posterior horn of the lateral meniscus — I mean that is nowhere near quantum wise in this case.
Finally, although this Court may have decided the matter differently and granted a larger award for Mr. Moody’s knee injury, “[t]he trier of fact is afforded much discretion in assessing the facts and rendering an award because it is in the best position to evaluate witness credibility and see the evidence firsthand.” Bouquet v. Wal-Mart Stores, Inc., 2008-0309, p. 4 (La.4/4/08) 979 So.2d 456, 459. mile “[reasonable persons frequently disagree about the measure of general damages in a particular case,” Youn, 623 So.2d at 1260, “[t]he role of an appellate court in reviewing a general damages award is not to decide what it considers to be an appropriate award but rather to review the exercise of discretion by the trier of fact.” Bouquet, 2008-0309, p. 4, 979 So.2d at 459 (citing Duncan v. Kansas City So. Ry. Co., 00-0066, p. 13 (La.10/30/00), 773 So.2d 670; Youn, 623 So.2d at 1260). “Only if a review of the facts reveals an abuse of discretion, is it appropriate for the appellate court to resort to a review of prior similar awards.”[2] Bouquet, 2008-0309, p. 4, 979 So.2d at 459 (citing Duncan, 00-0066, p. 14, 773 So.2d at 683; Cone v. Nat’l Emergency Serv. Inc., 99-0934, p. 8 (La.10/29/99), 747 So.2d 1085, 1089; Youn, 623 So.2d at 1261). Pursuant to a careful review of the record, this writer cannot say that the trial court committed an abuse of discretion. I respectfully concur.

. Mr. Stewart, the plaintiff in Ice, suffered the following injuries and impairments:
As a result of Mr. Stewart’s soft disc syndrome at L4-5 with disruption he experiences daily low back pain and symptoms which is aggravated by the condition of his right knee. He is restricted in his lifting to under 25 pounds and cannot carry objects greater than 5-8 pounds. He is further prevented from any prolonged bending or stooping. His permanent whole body impairment is 1-3%,
Furthermore, Mr. Stewart’s right knee injuries which include a Baker’s cyst, patellar tendonitis, complex tear of the posterior horn of the medial meniscus, partial tear of the medial collateral ligament, and a vertical tear of the posterior horn of the lateral meniscus restrict his activities and prevent him from squatting, kneeling, crawling or climbing. He has experienced daily swell *1066 ing and instability of the right knee since the time of the February 2003 accident and has to wear a knee brace on a daily basis. Without surgical intervention Mr. Stewart is left with a permanent impairment rating of 18-25%. The pain he experiences in his knee interferes with his ability to walk, sleep and interact with his wife and children. He describes his right knee and low back pain as a 10 on a scale of 0-10. Mrs. Stewart's testimony supported Mr. Stewart's account of his pain and daily limitations noting a level of frustration. He is more reliant on others and less involved with his children’s activities. Mr. Stewart was a professional driver and is now physically unable to perform that job. These injuries have permanently affected Mr. Stewart’s life. Mrs. Stewart also testified to the effects of Mr. Stewart's injuries on their marriage. Mrs. Stewart stated their relationship is not as close and lacks intimacy since the February 2003 accident.
Ice, 07-0871, p. 6, 982 So.2d at 932-33.

. "Prior awards, however, are only a guide." Bouquet v. Wal-Mart Stores, Inc., 2008-0309, p. 4 (La.4/4/08) 979 So.2d 456, 459 (citing Theriot v. Allstate Ins. Co., 625 So.2d 1337, 1340 (La.1993)).